IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ERIC HERSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3225 |
| | ) | |
| JOHN GILLETTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motion to Dismiss by Defendants Sangamon County Sheriff's Office and Sangamon County, Illinois (d/e 10). Plaintiff Eric Hersey alleges that he was arrested without probable cause and wrongly imprisoned in the Sangamon County, Illinois, jail for one night in violation of his constitutional rights. He brings this action under 28 U.S.C. § 1983. The Sheriff's Office of Sangamon County and Sangamon County move to dismiss because the Complaint does not allege a basis for municipal liability. They are correct. The Motion is therefore allowed, but Hersey is given leave to re-plead.

1

## STATEMENT OF FACTS

Hersey was a member of the Illinois National Guard. He was assigned to the Elgin, Illinois, unit. On June 25, 2004, he was transferred to a National Guard unit in the state of Washington. He was directed to report to his new unit on August 16, 2004. On August 13, 2004, he came to Camp Lincoln in Springfield, Illinois, to obtain his medical records to take them with him to Washington. While he was there, he was accused of being AWOL. Defendant Deputy Sheriff John Gillette arrested him without probable cause and took him to the Sangamon County jail. Gillette ordered personnel at the Sangamon County jail to book Hersey. Hersey alleges that, "Defendants Gillette, Sangamon County Sheriff's Office and the County imprisoned Plaintiff overnight and did not release him until 3:00 p.m. on Friday, August 14, 2004." Complaint (d/e 1), ¶ 30. No charges were ever filed.

## ANALYSIS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Hersey. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v.

2

Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Hersey can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

The Sheriff's Office and Sangamon County argue that the Complaint fails to state a claim against them because the Complaint does not allege a basis for municipal liability.  Municipalities, such as the Sheriff's Office and Sangamon County, are not liable under § 1983 for the acts of their employees unless the wrongful conduct occurred pursuant to a policy, custom, pattern or practice of the municipality, or pursuant to the direction of a person with final policy-making authority for the municipality.  Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690-94 (1978); Kujawski v. Board of Com'rs of Bartholomew County, Ind., 183 F.3d 734, 737 (7th Cir. 1999).  The Sheriff's Office and Sangamon County argue that the Complaint fails to state a claim against them because the Complaint does not allege that Gillette acted pursuant to a policy, custom, pattern or practice of the municipality, or at the direction of a person with final policy-making authority for the municipality.

Hersey argues that the Complaint is sufficient to meet the

3

requirements of notice pleading. The Complaint must make a short, plain statement of the basis for the claim. Fed. R. Civ. P. 8(a). In this case, there are no allegations regarding the basis for municipal liability. The allegation quoted above does not state whether Gillette acted pursuant to a policy, custom, pattern or practice of the municipality, or pursuant to the direction of a person with final policy-making authority for the municipality. Hersey should give the Sheriff's Office and Sangamon County notice of the basis on which he believes they are liable. There is no heightened pleading standard for § 1983 actions. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993). Still, these Defendants are entitled to notice of this element of the claim. Hersey, therefore, should re-plead these claims if he has a basis for them.

THEREFORE, the Motion to Dismiss by Defendants Sangamon County Sheriff's Office and Sangamon County, Illinois (d/e 10) is ALLOWED. The Complaint is dismissed. Plaintiff is given leave to file an amended complaint by March 17, 2006. The Defendants are directed to respond to the amended complaint by March 31, 2006.

IT IS THEREFORE SO ORDERED.

ENTER: February 27, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
